**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JEREMY YOUNG** **PETITIONER**

**v.** **No. 3:25CV5-MPM-JMV**

**STATE OF MISSISSIPPI** **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jeremy Young for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved [16] to dismiss the petition and has twice supplemented [18], [21] the motion. The petitioner has not responded; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion [16], [18], [21] to dismiss will be granted, as the instant petition will be dismissed without prejudice as moot.

***Habeas Corpus* Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id*.

Relief under § 2241 is available to a prisoner in five situations, when:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

**Facts and Procedural Posture**[1]

Jeremy Young filed his federal petition for writ of *habeas corpus* under 28 U.S.C. § 2241 challenging his pre-trial detention in Marshall County for his pending charges of first-degree murder, attempted murder, two counts of conspiracy, drive-by shooting, and felon in possession of a firearm in Cause No. 1:20-cr-00022. Docs. 1, 7. His sole claim is that he had not "been granted a speedy trial" and that he had "asked for one on several occasions." Doc. 7 at 6. He also stated that his "paid attorney [had] refuse[d] to submit a speedy trial" motion on his behalf. Doc. 7 at 6. For relief, Young requested that this court "dismiss the case and all charges and also compensate [him] and [his] family for all the money, time, stress and loss [they] have incurred during this almost [six] years prolonged case." Doc. 7 at 7.

The State moved to dismiss Young's pre-trial petition with prejudice for failure to state a cognizable claim—because he did not seek enforcement of his constitutional speedy-trial right. Doc. 16. Instead, Young specifically sought dismissal of his pending state charges by this court. *See* Doc. 16. Alternatively, the State moved to dismiss Young's petition without prejudice for failure to exhaust available state court remedies. *See* Doc. 16.

The State also noted that Young had additional pending charges in Marshall County Circuit Court for carjacking, felon-in-possession of a firearm, aggravated assault, and armed robbery with a weapon in Cause No. 1:23-cr-00015, and a more recent charge for possession of a cell phone within a correctional facility as a habitual offender in Cause No. 1:25-cr-00106. Doc. 16 at 1 n.1. In the interest of completeness, the State has also submitted copies of those records. *See* Docs. 15-1, 15-2, 15-3.

---

[1] The court has drawn the facts and procedural posture from the State's motion [16], [18], [21] the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

At the time of the State's Motion to Dismiss, an assistant district attorney for Marshall County confirmed to counsel for the State that certain of the State's witnesses failed to appear for Young's November 2025 trial setting on the charges at issue in this federal *habeas corpus* proceeding. *See* Doc. 16. Hence, on November 17, 2025, on motion of the prosecution, the trial court entered an order continuing the case until February 2, 2026. Doc. 16-9; *see also* Doc. 15-1 at 519–521 (MEC, Marshall County Circuit Court Cause No. 1:20-cr-00022, Doc. 210).

After the State filed its original Motion to Dismiss, on January 14, 2026, Young was indicted in Marshall County Circuit Court Cause No. 1:26-cr-00002, for possession of a cellphone within a correctional facility as a habitual offender under Miss. Code Ann. § 99-19-81. **Exhibit 1** (Indictment); Doc. 20-4 at 3–4 (MEC, Marshall County Circuit Court Cause No. 1:26-cr-00002, Doc. 1).[2] On February 4, 2026, the prosecution filed a motion to consolidate the case with Young's prior case for possession of a cellphone within a correctional facility to cure "an error wherein the specific correctional facility was left blank" in the original indictment. Doc. 20-4 at 9–10 (MEC, Marshall County Circuit Court Cause No. 1:26-cr-00002, Doc. 4).

On the same date, Young waived arraignment and pled guilty to the cellphone possession charge. **Exhibit 2** (Plea Petition); Doc. 20-4 at 12–15 (MEC, Marshall County Circuit Court Cause No. 1:26-cr-00002, Doc. 6). The trial court accepted Young's plea to possession of a cellphone within a correctional facility, sentenced him to serve a term of 15 years, and ordered that "[t]he execution of said sentence, except for any periods of incarceration prior to the entry of this judgment, is suspended, pending compliance with this judgment. [TIME SERVED]." **Exhibit 3** at 1 (Judgment); Doc. 20-4 at 16 (MEC, Marshall County Circuit Court Cause No.

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

1:26-cr-00002, Doc. 7). The trial court further ordered that Young "shall be banished from the Third Circuit Court District of Mississippi." **Exhibit 3** at 2 (Judgment); Doc. 20-4 at 17 (MEC, Marshall County Circuit Court Cause No. 1:26-cr-00002, Doc. 7). A representative for the Marshall County Jail confirmed that Young was released from Marshall County custody on February 15, 2026.

Three months later, on May 12, 2026, the trial court entered an order to retire to the files Young's charges in Marshall County Circuit Court Cause No. 1:20-cr-00022—the charges at issue in this *habeas corpus* proceeding—for: first degree murder, conspiracy, attempted murder, drive by shooting, felon in possession of a firearm, and attempted murder. **Exhibit 4** (Order); Doc. 20-1 at 69 (MEC, Marshall County Circuit Court Cause No. 1:20-cr-00022, Doc. 235).

On the same date, the trial court also entered an order to retire to the files Young's additional charges of carjacking, felon-in-possession of a firearm, armed robbery with a deadly weapon, and aggravated assault in Marshall County Circuit Court Cause No. 1:23-cr-00015. **Exhibit 5** (Order); Doc. 20-2 at 25 (MEC, Marshall County Circuit Court Cause No. 1:23-cr-00015, Doc. 52). The trial court likewise entered an order to dismiss Young's initial charge of possession of a cellphone within a correctional facility in Marshall County Circuit Court Cause No. 1:25-cr-000106. **Exhibit 6** (Order); *see* Doc. 20-3 at 25 (MEC, Marshall County Circuit Court Cause No. 1:25-cr-000106, Doc. 17).

In sum, as set forth above, all of the criminal charges at issue in the instant petition have been retired to the files. Clearly, Young is no longer facing those charges, and, as discussed below, his petition for writ of *habeas corpus* under 28 U.S.C. § 2241 has become moot and must be dismissed without prejudice.

**The Instant Petition for Writ of *Habeas Corpus* Has Become Moot**

As noted above, on May 12, 2026, the state trial court retired to the files all of Young's charges out of Marshall County Circuit Court Cause No. 1:20-cr-00022: first degree murder, conspiracy, attempted murder, drive by shooting, felon in possession of a firearm, and attempted murder. **Exhibit 4** (Order); Doc. 20-1 at 69 (MEC, Marshall County Circuit Court Cause No. 1:20-cr-00022, Doc. 235). Those were the only charges at issue in the instant petition. Hence, as all of Young's charges at issue in his § 2241 petition were retired on May 26, 2026, there is no active or pending prosecution of those charges in the Marshall County Circuit Court, and Young's challenge to them has become moot. *Meeks v. Mask*, No. 3:21-CV-142-GHD-DAS, 2022 WL 3390163, at *7 (N.D. Miss. Aug. 16, 2022) (dismissing § 2241 challenge to charge that had been retired to the file as moot).

"In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021), *cert. denied,* 142 S. Ct. 82 (2021) (citing *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2021); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The "in custody" determination is made at the time of the filing of a *habeas corpus* petition. *Spencer*, 523 U.S. at 7; *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968). Young was clearly "in custody" under 28 U.S.C. § 2241(c)(3) on the charges in Marshall County at the time that he filed the instant petition; however, his claims for *habeas corpus* relief became moot when he was released from custody and the relevant charges were retired to the file. *Meeks*, 2022 WL 3390163, at *7.

"[A] prisoner must be 'in custody' to render a case 'live' in order to support a petition for a writ of *habeas corpus*." *Penton v. Thaler*, 2013 WL 2483244, at *2 (S.D. Tex. June 10, 2013) (citing 28 U.S.C. § 2254(a); *Spencer*, 523 U.S. at 7). Once a petitioner has been released from

custody and cannot identify concrete and continuing harm, he suffers no legal injury – and thus has no standing to proceed with his petition. *See e.g., Lane v. Williams*, 455 U.S. 624 (1982). Upon a petitioner's release, there ceases to be an active case or controversy, and the case becomes moot. *Spencer*, 523 U.S. at 12, 14–16.

In addition, a case becomes moot when it is impossible for a court to grant any effectual relief to the prevailing party. *Herndon*, 985 F.3d at 446 (citing *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307, (2012)); *see also Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007). In other words, an action does not become moot "simply because a § 2241 petitioner is no longer in custody." *Willy v. Administrative Review Board*, 423 F.3d 483, 494 n.50 (5th Cir. 2005). However, when the primary relief a petitioner seeks is "to be released from confinement," and he has pled guilty and been sentenced – or is later released – the "court can no longer provide him with that relief." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Similarly, a case may become moot when an "intervening factual event … causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

In this case, Young was not convicted on the charges at issue in his *habeas corpus* petition; the trial court *retired the charges to the file*. As this court has held, "[u]nder Mississippi law, while retiring or passing a case to the files is not an acquittal on the merits, the process operates as a 'dismissal without prejudice' or 'holds the indictment in abeyance;' however, 'it is clear that while the case remains in the circuit court's files, the case is inactive.'" *Meeks*, 2022 WL 3390163, at *6–*7 (citing *Flynt v. State*, 183 So. 3d 1, 17 (¶ 52) (Miss. 2015) (J. Kitchens, dissenting) (citing *Ross v. Milner*, 12 So. 2d 917, 919 (Miss. 1943); *Gordon v.*

*State*, 90 So, 95 (1921); *Beckwith v. State*, 615 So. 2d 1134, 1147 (Miss. 1992)) (footnote omitted).

Indeed, "[w]hen a case is retired or passed to the files, the prosecution may later 'withdraw the case from the files and docket it for trial.'" *Meeks*, 2022 WL 3390163, at *6–*7 (citing *Byrd v. State*, 175 So. 190, 192 (Miss. 1937); *Hall v. State*, 187 So. 3d 133, 137 (Miss. 2016) (citing *Walton v. City of Tupelo*, 90 So. 2d 193, 194 (1956))). It is, however, a termination of the proceedings in the defendant's favor sufficient to meet that element in a civil claim of malicious prosecution under Mississippi law. *See Hyer v. Caruso*, 102 So. 3d 1232, 1236 (Miss. Ct. App. 2012). As this court has held, "[p]ut simply, a case that has been retired to the files is inactive, has not been decided, but could be revived." *Meeks*, 2022 WL 3390163, at *7; *see also Rew v. Vincent*, 1:19-CV-10-HSO-JCG, 2020 WL 5731794, at *9 (S.D. Miss. Sept. 24, 2020) (likewise concluding that "a 'remand to the file' does not constitute ... an ongoing state criminal proceeding").

As retiring a charge to the files renders the criminal case inactive, Young's charges in Marshall County Circuit Court Cause No. 1:20-cr-00022 for first-degree murder, conspiracy, attempted murder, drive by shooting, felon in possession of a firearm, and attempted murder "pose[] no present restraints on his liberty; the case is not an ongoing proceeding, and he faces no 'concrete and continuing injuries' or 'collateral consequences' following his release from custody regarding th[ose] charge[s]." *Meeks*, 2022 WL 3390163, at *7. Indeed, "[t]he mere possibility of future consequences does not create a case or controversy sufficient to maintain this suit." *Id.* For these reasons, Young's challenge to his charges of first-degree murder, conspiracy, attempted murder, drive by shooting, felon in possession of a firearm, and attempted murder in Marshall County Circuit Court Cause No. 1:20-cr-00022 has become moot, and the

instant petition for writ of *habeas corpus* will be dismissed without prejudice for want of subject matter jurisdiction. *See McBride v. Lumpkin*, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (citing *Griener v. United States*, 900 F.3d 700, 706 (5th Cir. 2018)) (when a petition is moot, a district court "lack[s] jurisdiction to consider it further" and must dismiss the petition without prejudice).

## Conclusion

For the reasons set forth above, the State's motion [16], [18], [21] to dismiss the instant petition for a writ of *habeas corpus* will be granted, and the petition will be dismissed without prejudice as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of September, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI